MgKinNey, J.,
delivered the opinion of the court.
This was an action of ejectment in the circuit court of Davidson, commenced on the 25th day of December, 1850.
The declaration as originally framed, contained but a single count on the demise of C. W. Nance. In the progress of the cause, to-wit, on the 4th of June, 1851, the lessor of the plaintiff obtained leave to amend the declaration, and two other counts were added; one on the demise of the executors and trustees of James Jackson, deceased, and the other on the demise of the heirs at law of said James Jackson.
It seems that the land in controversy in this action, had been sold and conveyed to Nance by the representatives and devisees of James Jackson, after the com *323 mencement of an adverse possession by the defendant, who, it appears, entered npon and took possession of the premises in January or February, 1844.
The object of the amendment was to avoid as well the champerty act of 1821, as the.statute of limitations; more than seven years having- elapsed from the time of defendant’s adverse entry, before the period when leave to amend the declaration was obtained. Sometime after the additional counts were filed, by mutual consent, an order was made by the court referring all matters in dispute between the parties in this cause, to the final award and determination of two gentlemen of the bar, whose award was to'be made the judgment of the court. At the May Term, 1853, the arbitrators returned their award in the following words:
“ Whereas, at the-Term, 185-, of the circuit court of Davidson county, Tennessee, the case of Jno. Den, lessee of 0. "W. Nance, against John ~W. Thompson, pending therein, was referred to us by order of said court, to arbitrate and settle, and we having met for that purpose, and after hearing the proof and argument of counsel on both sides, decide the case for the defendant: On the first count, upon the ground that the land in controversy was adversely held by the defendant at the time it was purchased by C. W. Nance; and on the second and third counts, upon the ground that these counts, (the demises being from different parties,) are not distinguishable so far as respects the statute of limitations, from new actions. The adverse possession began at least as far back as January or February, 1844, and leave to file the second and third counts was obtained in May, 1851. As to these counts, then, the statute *324 of limitations forms a bar, and the action fails. This 12th May, 1853.”
Upon this award judgment was rendered that it be confirmed and made the judgment of the court; that the defendant go hence and recover his costs, &c. "Which judgment appears to have been rendered on the 16th of May, and the record shows that on a subsequent day of the same Term, the plaintiff “ moved the court in arrest of judgment, which motion was overruled.”
From the judgment of the court upon the award, an appeal in error has been prosecuted to this court.
For the plaintiff in error it is argued that from the statement on the face of the award, showing the grounds or reasons for the conclusions the arbitrators arrived at in making their award, it is clear that they made a mistake in point of law, for which the award ought to have been set aside. On the other side it is maintained, in the first place, that if such mistake were shown to exist, the award, nevertheless, would be binding upon the parties, and that the alleged mistake of the law forms no valid objection to the award.
In the next place it is contended that the decision of the arbitrators is correct in point of law. And, lastly, it is said, if the supposed error were shown to exist it could not be reached in the mode attempted in the court below.
As respects the last point, the proper course would certainly have been a motion in arrest of judgment. The latter motion, in its legal sense and application, was not appropriate nor adapted to the purpose. It was competent to the court, however, and would indeed *325 have been a positive duty, at any time during tbe term, to set aside tbe judgment and reject tbe award, upon being satisfied that it was erroneous, for the reason alleged, and we think tbe motion in this case may be understood and treated as an application to that effect, and that tbe case is to be considered as if a motion bad been regularly made before judgment to set tbe award aside.
Tbe next inquiry is: Supposing tbe arbitrators to have mistaken tbe law, can tbe award be avoided on that ground?
Tbe authorities lay it down that an award may be set aside for mistake, either in fact or in law, by tbe arbitrators making tbe award. "Watson on Arbitration, 281. But tbe mistake must appear on the face of tbe award, or, as it would seem, in some writing of tbe arbitrators referred to, of accompanying tbe award.
A distinction seems to be recognized between a mistake in respect to a mere question of law and a mixed question of law and fact. If a dry naked question of law be submitted to tbe decision of arbitrators, it is said in some of tbe cases, that tbe award, though wrong, is binding upon tbe parties; as by their submission they agree that their decision shall be tbe law between them upon the question referred. Ibid., 290, and cases cited in notes. But where a question of law and fact is referred, it is held that where it appears from tbe face of tbe award that tbe arbitrators intended to decide according to law but were mistaken as to tbe law, this is a sufficient reason for setting tbe award aside, at least so far as it is affected by tbe mistake. If, however, tbe arbitrators, disregarding what they know to *326 be the law of the case, or leaving it entirely out of their consideration, make what in their, judgment, under all the circumstances of the case, is deemed to be a proper or equitable decision of the matter, it is no valid objection to the award that it is manifestly against law, provided they be not required by the terms of the submission to follow the law in making their award. It must clearly appear, not only that the arbitrators are mistaken in poiut of law, but likewise that they intended to follow the law, and would not have made such an award if they had known what the law was.
Arbitrators are clearly not bound to state the grounds of their decision; and unless it appear from the face of the award that they intended to be governed by the case and were mistaken, the presumption is that they have decided according to law. But where they state the facts and their deduction of law, then it is for the court to say whether they have or have not drawn the proper conclusions. For the foregoing general principles, see the authority above referred to, and cases cited in the notes.
Applying these principles to the case before us, the arbitrators, having stated in their award the grounds of their decision, and it being clearly apparent that they intended to decide according to the law of the case, it follows that if their conclusions were mistaken in point of law, the award ought to have been rejected.
And this brings us to the remaining question:— Were the arbitrators mistaken in their legal conclusions ? We think they were. The award shows that they decided aghinst the plaintiff’s right to recover, because *327 the conveyance to Nance being affected by champerty, there could be no recovery on the demise in his own name; and forasmuch as the amended counts were to be regarded as new actions, a recovery upon them was barred by the statute of limitations.
In this decision, the legal effect of the amendment, both as respects the question of champerty and the statute of limitations, was misapprehended. It is clear upon the assumption of the award that no recovery could be had upon the first count, but it is equally clear that so far as champerty is concerned, the plaintiff was entitled to recover on the amended counts. It is held in Wilson and Wheeler vs. Nance, 11 Humph., 189, 191, that a champertous conveyance being ineffectual to convey the title to the purchaser, the title must be considered as remaining in the vendor; and therefore he may sue and recover the land, and his inoperative deed to the purchaser, cannot be set up by a third person in bar of his right of recovery. But, such recovery by him would enure to the benefit of the purchaser, at least by way of estoppel; and furthermore, that the purchaser in such case may maintain ejectment and join a count on the demise of his vendor, and in this mode recover the land sold and attempted to be conveyed to him. So that in this case the matter of champerty interposed no valid objection to the plaintiff’s right to recover. Nor did the statute of limitations interpose a bar to a recovery. The assumption that the additional demises were to be regarded as new actions, was not, in this case, correct. The effect of the new counts was not to introduce either a new right of action or new parties, in the *328 sense of tbe rule wbicb forbids snob an amendment. By bis contract of purchase, Nance acquired a right to tbe land, notwithstanding tbe legal insufficiency of tbe deed to pass tbe title, and upon well established principles bad a right to recover tbe land. His action was commenced in time to save tbe bar of tbe statute, and all that stood in bis way to a recovery, was tbe omission of a count in tbe declaration on tbe demise of bis vendor. Tbe propriety of allowing such a count to be added at an earlier stage of tbe case, before tbe lapse of seven years from tbe commencement of tbe defendant’s adverse possession, is not questioned; and tbe propriety of permitting such an amendment after tbe expiration of that period, and with tbe sole view of preventing tbe operation of tbe statute of limitations, is, we think, no less apparent, and no less sanctioned by sound principle, or by tbe proper meaning of our statutes of amendment.
We assent to tbe correctness of tbe decisions wbicb hold that an amendment cannot be allowed by .inserting a new demise in tbe name of a third person, between whom and tbe lessor of tbe plaintiff there is no pri-vity, and upon a different title, having no relation to that of tbe lessor. Such demise would not be distinguishable from a new action. But that case is wholly different from tbe present. Here, no different title is sought to be set up; no new right or cause of action is attempted to bg presented as a ground of recovery. It is rather a different statement of tbe same - cause of action or right of recovery, adapted to a different state of proof. Tbe plaintiff merely seeks, in aid of bis right, to use tbe name of bis vendor, as be has the *329 right to do, and to draw to the equitable title in himself, the. mere dry legal title remaining in the vendor, which it was attempted ineffectually to vest him with.
It can no more be said -in the .present case, that the effect of the amendment was to introduce a new party or cause of action, than it could in the case of an assignee of a chose in aeiion, who had brought suit in his own name, and in the progress of the suit, obtained leave to amend by inserting the name of the assignor, in whom was the mere nominal legal interest. In the latter case, as' in the former, such amendment, when made, relates “bach to the commencement of the suit, and places the case and the rights of the plaintiff upon the same ground as if the amendment had been originally incorporated into the writ and declaration.
If necessary, ample authority might be adduced to sustain this view of the. case. Ejectment cases are governed by the same principle, applicable to other civil actions as respects questions of amendment. And since the operation of the recent statute, giving to a verdict and judgment in ejectment the same conclusive force and effect as in other actions, a still more liberal application of the doctrine of amendment will perhaps become necessarry in this action.
Under the long established course of practice in this Statp, it has not been unusual, where a meritorious cause of action was shown to exist, to grant a new trial, or to allow an amendment of the declaration, for the express purpose of avoiding the bar of the statute of limitations. And we are not all inclined to discountenance, much less to change this course of practice.
*330 The result is, that the judgment of the circuit court will be reversed, the award set aside, and the cause be remanded for a new trial.